UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THURSTON FOODS, INC., | : | 3:15cv14 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WAUSAU BUSINESS INSURANCE COMPANY, | : | |
|     Defendants. | : | |

### RULING ON DEFENDANT'S MOTION TO DISMISS

In this action, plaintiff Thurston Foods seeks to recover benefits under a commercial property insurance policy issued by defendant Wausaw Business Insurance Company. Plaintiff has alleged claims for breach of contract, bad faith, and violation of the Connecticut Unfair Insurance Practices Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA") .

Defendant has filed a motion to dismiss the claim of CUIPA/CUTPA violation. For the following reasons, the Court will deny the motion to dismiss.

### BACKGROUND

For purposes of this ruling, the Court considers the facts of the complaint to be true.

Defendant is a wholly owned subsidiary of the Liberty Mutual Insurance Company or the Liberty Mutual Group of Insurance Companies.

Plaintiff was insured under a commercial insurance policy issued by defendant. While this policy was in full force and effect, plaintiff's property was damaged when ice and snow that had accumulated on the roof of the plaintiff's building melted and caused

1

water to leak into plaintiff's building.  As a result of the extreme weather conditions, the ice and snow blocked the freezer air vent pipes, causing the freezer floor to heave.  Plaintiff's building sustained damage to its roof, ceiling tiles, signage, freezer, and freezer floor.

Defendant has refused to pay plaintiff for its loss.  Defendant has acted in bad faith in the adjustment and negotiation of the plaintiff's claim by misleading plaintiff into believing that the claim would be timely paid, failing to disclose material information to plaintiff, failing to advise plaintiff on the basis of delaying payment of the claim, ignoring plaintiff's requests for information; and intentionally undervaluing plaintiff's claim.  Further, defendant and its related entities continue to handle other claims of policy holders in a similar manner.  Plaintiff alleges that there are five lawsuits that have been filed against Liberty Mutual subsidiaries that relate to refusal to properly handle claims.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the

alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Defendant argues that plaintiff has failed to allege a plausible claim of CUIPA/CUTPA violation.  Specifically, defendant maintains that plaintiff has failed to allege a general business practice of unfair claims handling practices. It is well settled that violations of CUIPA may be alleged as a basis of a CUTPA claim. Nazami v. Patrons Mut. Ins. Co., 280 Conn. 619, 625 (2006).  A claim of unfair settlement practices in violation of Section 38a-816(6) requires plaintiff to plead that defendant engaged in alleged misconduct as a business practice. Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994) ("defendant's alleged improper conduct in the handling of a single insurance claim ... does not rise to the level of a 'general business practice' with sufficient frequency as required by Section 38a-816."). An unfair settlement practice must have been committed or performed with such frequency as to indicate a general business practice.  McCulloch v. Hartford Life and Acc. Ins. Co., 363 F. Supp. 2d 169, 182 (D. Conn. 2005).

Here, plaintiff has alleged that defendant or its related entities have refused to provide coverage in other instances that has resulted in the filing of lawsuits cited in the complaint. Defendant counters that these lawsuits are not comparable because they involve homeowner rather than commercial policies.  Defendant points out that one case was voluntarily dismissed.  Construing the inferences of the complaint in favor of plaintiff, the Court finds that plaintiff has raised at least an inference that defendant had a general practice of unfair claims settlement.  Summary judgment is a better vehicle for the determination of whether claims at-issue in the cited cases are relevant to plaintiff's proof of business practices in instant case.  See Metsack v. Liberty Mut. Fire Ins. Co., 2015 WL 5797016 at *10 (D. Conn. Sept. 20, 2015) (proof relevant

to general practice to be reviewed on summary judgment).  Accordingly, the motion to dismiss will be denied.

## CONCLUSION

For the reasons set forth above, the motion to dismiss [doc. #22] is denied.

Dated this __28th__ day of October, 2015 at Bridgeport, Connecticut.


                      /s/Warren W. Eginton_____
                      WARREN W. EGINTON
                      SENIOR U.S. DISTRICT JUDGE